UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY L. McFARLAND, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:14CV00065 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This § 2255 case is before the Court on the government's motion to dismiss, premised on the running of the one-year statute of limitations, doc. #2. Movant McFarland has filed a response, doc. #7, and the government filed its combined response, doc. #11, to the § 2255 petition and McFarland's response to the motion to dismiss.

## Background

McFarland plead guilty on January 7, 2013 to the offenses of possession of cocaine base with the intent to distribute and carrying a firearm during and in relation to a drug trafficking crime. On April 10, 2013, this Court sentenced movant to 37 months imprisonment on the first offense and 60 months on the second offense to run consecutively. McFarland did not appeal. However, on May 16, 2014, McFarland filed this action under 28 U.S.C. § 2255 asking that his sentence be vacated on two grounds of ineffective assistance of counsel: 1) that his counsel failed to file a notice of appeal, and 2) that his counsel failed to object to a two-point criminal history enhancement.

## Statute of Limitations

Petitioners have a limited time to file a petition for habeas review under § 2255. That limitation period is set out as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

McFarland's sentencing date was April 10, 2013. He had fourteen days to file a notice of appeal. McFarland did not file that notice of appeal, making his sentence "final" for this purpose on April 24, 2013. McFarland had one year to file his § 2255 petition, making April 24, 2014, as his final date to file a § 2255 petition. McFarland actually filed his petition on May 16, 2014, over three weeks beyond the applicable limitation period. The government then filed its motion asking that this Court dismiss McFarland's § 2255 petition for his failure to file it in the one-year time period allowed.

McFarland stated his grounds for excusing his delay in filing his § 2255 petition. In that original petition, under the "Timeliness of Motion" section, McFarland stated:

> Movant was sentenced on April 10, 2013. Movant did not seek either direct review of the Appellate Court nor certiorari by the Supreme Court. Therefore Movant's motion is timely based on the time for seeking review from either court. Movant's deadline for this motion is 07/10/2014 which would have been the date – 07/10/2013 for seeking review of the Supreme Court.

2

McFarland's Petition; p. 12 of 26.

In his memorandum attached to the original petition, McFarland re-argued that his petition was timely filed:

> Movant was sentenced by the district court on April 10, 2013. Movant did not seek direct review of his sentence based upon counsel's ineffectiveness. Therefore, Movant's sentence was final after the time for filing a notice of appeal became final and after the expiration date for filing certiorari. Although the habeas statute does not define when a judgment of conviction becomes "fina[l]" the Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time expires for filing a certiorari. *See Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Movant asserts and states that the time for filing a writ of certiorari from the judgment of the district court was July 10, 2013. Movant's time for filing Section 2255 began on July 10, 2013, and is therefore timely.

McFarland's Petition, p. 18 of 26.

McFarland's position, in his original petition, was that his petition was timely filed. He did not argue any extenuating circumstances, nor did he rely on the doctrine of equitable tolling.

Of course, McFarland's assertion that he was to receive the benefit of the 90 days allowed to file for certiorari review when he did not file a direct appeal is legally incorrect. McFarland's argument that the date his judgment became "final" was 90 days after his sentencing date, is simply incorrect as a matter of law. Numerous cases have held that, when a defendant does not file a direct appeal, his judgment is final for § 2255 purposes when the time allotted for filing the appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816, FN2 (8th Cir. 2008); Federal Rule of Appellate Procedure 4(b)(1)(A); *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

A defendant who does not file a direct appeal does not get the benefit of the 90 day period for filing a petition for Supreme Court certiorari review to extend his deadline for filing a § 2255 petition. McFarland argued, in his Reply to the Government's Motion to Dismiss, that *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072 (2003), supports his position that the date of finality of a sentence is after the 90 day period allowed for filing a petition requesting certiorari review by the Supreme Court. *Clay* is not applicable to McFarland's case. *Clay* only applied to situations where the defendant seeks appellate review. That defendant is allowed the 90 day period for seeking certiorari review before his judgment is considered final for § 2255 purposes. *Clay* did not extend the 90 day period for defendants who did not appeal their judgments.

The case of *United States v. Placencia*, 537 F.3d 385 (5th Cir. 2008), addressed an argument similar to McFarland's, holding that a defendant who fails to appeal his case does not get the extra 90 days to file his § 2255 petition, that Court stated:

> Plascencia insists, however, that his conviction was not final because he had 90 days to seek certiorari after our dismissal on June 9, 2004. In *Clay v. United States*, the Supreme Court held that if a federal defendant appeals his conviction to the court of appeals and then does not seek certiorari, the conviction becomes final when the 90-day period expires during which the defendant could have filed a petition for certiorari. The rule of *Clay* provides no help to Plascencia in this case because Plascencia, unlike *Clay*, never filed an effective notice of appeal in this court. Any petition for certiorari that Plascencia could have filed following our dismissal would not have contested direct review of his conviction. Instead, it would have concerned only our ruling that the district court did not abuse its discretion by declining to grant Plascencia an appeal. That ruling did not address Plascencia's conviction. Therefore, the 90-day certiorari period is not applicable in Plascencia's case to determine when his conviction became final.

*Plascencia*, 537 F.3d at 389.

McFarland's original argument that he was entitled to an extra 90 days to file is § 2255 petition is incorrect. His judgment was final on April 24, 2013, and he had one year, until April 24, 2014, to file his habeas petition.

## **Equitable Tolling**

After the government filed its motion to dismiss, based on McFarland's failure to file his petition within the time period allowed, McFarland altered his theory. McFarland appears to abandon his original position that he was entitled to the extra 90 days to file the petition and now claims that his petition is saved by equitable tolling. The government argues that McFarland has not met the requirements to be eligible for equitable tolling to excuse his late filing of his petition. In deciding whether equitable tolling applies, courts assume the truth of the movant's allegations related to the late filing. *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000). For purposes of this issue, this Court will assume that the allegations of McFarland's reply to the government's motion to dismiss are accurate.

The basic flaw in McFarland's reasoning is his argument that his attorney's alleged failure to file a notice of direct appeal in his criminal case should somehow work to toll the filing date for his § 2255 Petition. This Court has not found any authority that would permit the application of equitable tolling based on the lack of filing an appeal. Equitable tolling is a theory that is solely used when a petitioner has an excuse for the failure to file their § 2255 petition. But the failure to file a notice of appeal has no bearing on the limitations period for filing the § 2255 petition. McFarland's claim is that his

5

attorney's failure to file a notice of appeal should work to extend the limitation period for filing the § 2255 petition. But again, McFarland has no authority to support his argument.

The doctrine of equitable tolling is available to a § 2255 movant, but only where an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary. *Byers v. United States,* 561 F.3d 832, 836 (8th Cir. 2009), *citing United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) and *Baldayaque v. United States*, 338 F.3d 145, 152 (2nd Cir. 2003). In that regard, ineffective assistance of counsel that is due simply to an attorney's negligence or mistake does not generally constitute an "extraordinary circumstance" that would justify equitable tolling. *Byers*, 561 F.3d at 836. Furthermore, such extraordinary circumstances must not be attributable to the petitioner, and must be beyond a prisoner's control. *Id*. Finally, the petitioner must also demonstrate that he acted with due diligence in pursuing his petition. *Id*. The 8th Circuit has developed a test to determine whether equitable tolling should apply. Equitable tolling is appropriate: (1) if there are "extraordinary circumstances" beyond a movant's control that would keep him from filing in a timely fashion, or (2) if the government's conduct lulled the movant into inaction through reliance on that conduct. *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). Equitable tolling only applies when the circumstances that cause the delay in filing are external to the movant and not attributable to his actions. *Id*.

In this case, McFarland clearly did not diligently pursue his § 2255 petition. McFarland's failure to recognize that no appeal had been filed in his criminal case was his fault alone. In *United States v. Bell*, 2003 WL 21523470 (8th Cir. 2003), Bell argued

6

that equitable tolling should apply to excuse his late filing of his § 2255 petition. Bell contended that the docket sheet in his criminal case was misleading and falsely implied a different date when the Supreme Court denied his petition for review. The 8th Circuit concluded that Bell could have contacted the Supreme Court to determine the date that their review was concluded, or that he could have reviewed his entire docket sheet in his criminal case to determine the correct date for the end of Supreme Court review. *Id*. at * 2. McFarland faces the same problem.

In his response to the government's motion to dismiss, McFarland states that he requested docket sheets from the clerk's office on two separate occasions, but that he only received a reply to his last request. The docket sheet shows that McFarland was sentenced on April 10, 2013. On June 24, 2013, the clerk's office received a request from McFarland for a copy of the docket sheet. That request was honored that very day by the clerk's office when they sent a copy of the docket sheet to McFarland at his Terre Haute, Indiana prison address. (DCD 41) That docket sheet would clearly have shown that no appeal had been filed and that it was much too late to file one.

McFarland made a second request for the docket sheet and a first request for his plea agreement and a sentencing transcript on March 28, 2014. The clerk's office mailed to McFarland a second copy of his docket sheet, a copy of his plea agreement and a notice that there was not a sentencing transcript. That mailing was made the same day as McFarland's request was received. (DCD 43) On April 10, 2014, McFarland requested that the court reporter provide him with a sentencing transcript. That request was complied with by the court reporter on April 23, 2014. (DCD 44, 45)

As in *Bell*, McFarland could easily have reviewed the docket sheet and determined that no appeal was filed and that none could be filed. McFarland may believe that his lack of training or experience with legal issues may assist him, but it does not. Bell made the same argument, contending that his pro se status excused his failure to realize the significance of the dates on the docket sheet. The *Bell* Court discounted that theory, holding that, "[A] lack of legal knowledge or legal resources, even in the case of a pro se prisoner, does not warrant equitable tolling. *Bell*, at * 2. McFarland had an obligation to examine the docket sheets that were mailed to him and ascertain what had been done in his case.

Furthermore, McFarland made only two requests to see the docket sheets. Those requests were made months apart, with the last request made with only days to spare to file his § 2255 petition. McFarland was not "diligently" protecting his § 2255 rights. He sat on his right to file that petition until it was too late.

Another 8th Circuit case involved a defendant who requested his docket sheets too late to effectively use them. In *Diaz-Diaz v. United States*, 2008 WL 4746862 (8th Cir. 2008), the defendant's limitation period to file a § 2255 petition was to expire on January 9, 2007. The defendant had requested his docket sheets in May, 2005, but did not receive them. He made a second request on January 5, 2007, just a few days before his limitation period ended. The defendant eventually filed his § 2255 petition on February 9, 2007, about a month after his one-year limitation period expired. The 8th Circuit considered the defendant's lack of action in protecting his rights in the meantime and concluded:

> Diaz-Diaz's delay of many months before following up on his request for

legal materials cuts against his claim for equitable tolling. Thus, Diaz-Diaz failed to establish "diligent pursuit" of his rights.

*Diaz-Diaz*, *1.

McFarland has almost the same factual situation as was faced by Diaz-Diaz. Both made two requests for materials from their case, with the last request made only days before the limitation period ended. Both defendants let months go by without renewing their requests or taking action on them. Both defendants failed to diligently pursue their § 2255 rights. Neither defendant should be entitled to the benefit of equitable tolling.

McFarland, in his response to the government's motion to dismiss, states that "[t]he crux of Movant's argument is that from the date of his latest request [to obtain the docket sheets] – 03/28/2014 Movant would have had only 27 days to meet the statute of limitations pursuant to § 2255(f)(1). Surely, the court would not consider this to be enough time to research and prepare his motion." And yet, the 8th Circuit decided that four days was sufficient on *Diaz-Diaz*.

McFarland complains about the lack of time to review documents in March and April, 2014, but he fails to mention that he had almost a year to review his case. § 2255 petitions are based on facts alleged, not law. No amount of legal research would have generated any more "facts" for McFarland to review.

McFarland's specific complaint that his attorney's failure to file a notice of appeal has also been found by this Circuit not to constitute grounds for equitable tolling. In *Murray v. United States*, 2009 WL 590021 (8th Cir. 2009), the defendant claimed that he

9

asked his attorney to file a notice of appeal and that the attorney did not comply. The appellate court resolved that issue by stating:

> Even assuming, without deciding, that Murray properly asked counsel to file an appeal, he did not exercise diligence in discovering that no appeal had been filed. (Citation omitted) Murray telephoned his attorney's office and was told "at one point" that he was no longer being represented, yet he did not contact the court to check whether an appeal had been filed, ([Anjulo-Lopez, 541 F.3d at] 819 (noting fact that appeal had not been filed was matter of public record) . . .

Murray, * 1.

McFarland's statements in his petition and his reply, and the statements in the affidavit of Aretha Ross show the lack of effort expended by McFarland to protect his rights and the lack of reliance on any other person to file a § 2255 petition. In his petition, McFarland believed that his petition was timely filed based on his incorrect assumption that he was able to get another 90 days for certiorari review on top of the one year limitation period set out in the statute. He made no mention of relying on any other person for his failure to file his petition on time.

In his reply, McFarland asserts that his attorney had advised him that "the time for filing this petition would not begin until after direct review and certiorari." McFarland's Reply; p. 3 of 18. As a basic premise, this advice from his attorney was correct. It is just dependent on their being an actual appearance and/or request for certiorari. McFarland cannot say that he was misled by this advice as it was correct.

Then McFarland stated that he "forwarded at least three separate letters to counsel's office but received no reply concerning the appeal." McFarland's Reply; p. 3 of 18. McFarland's wife, Aretha Ross, explained in her affidavit that his attorney's

secretary, "told me that she believed that his lawyer was preparing his appeal and that she would have him call me." For the purposes of this response, this Court will assume that the allegations made by McFarland are true and that McFarland's attorney did not receive any communications from his attorney regarding his appeal. But McFarland's focus on his appeal does not excuse the lack of filing a § 2255 petition. His failure to file that petition on time is a separate and distinct issue from whether his attorney filed an appeal.

McFarland does not state, anywhere in his pleadings, that any attorney or any other person misled him as to filing a § 2255 petition. In order for equitable tolling to apply, based on the advice of an attorney, the misleading advice would have to be related to the filing of the § 2255 petition, not the appeal.

McFarland cites *Baldavaque v. United States*, 338 F.3d 145, 152 (2nd Cir. 2003) for support for his argument. However, *Baldavaque* involved a defendant whose family hired an attorney specifically to file a § 2255 petition. The attorney took money from the family and represented that he was working on the petition. The attorney filed a different type of motion that was denied. In the meantime, the time allowed for filing the § 2255 petition expired. The *Baldayaque* Court noted that the attorney's representation was for the filing of a § 2255 petition and that the attorney was ineffective for failing to follow his client's directives. *Id*., at 152. But there was no issue that Baldayaque would be allowed equitable tolling for his attorney's failure to file a notice of appeal in the criminal case.

McFarland also cites *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003) as his authority. Again, the defendant's family in that case hired an attorney specifically to file a

11

habeas petition, which was not filed. There was no allegation that his attorney failed to file an appeal and that somehow that action would toll the one-year limitation period.

The 8th Circuit considered whether an attorney's lack of communication would amount to equitable tolling in *Muhammad v. United States*, 735 F.3d 812 (8th Cir. 2013). In that case, the defendant claimed that he wrote letters to his attorney and called the attorney in an effort to have a § 2255 petition filed. The attorney did not answer the letters or return the phone calls. Muhammad claimed that he interpreted this lack of contact as meaning that his attorney was filing a habeas petition. The *Muhammad* Court noted that "[a]n attorney's negligence or mistake is not generally an extraordinary circumstance, however, serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling." *Id*., at 816. Finding that equitable tolling did not apply, the Court stated, "We do not condone attorneys failing to respond to letters or phone calls; however, in this case, [the attorney's] actions do not constitute an 'extraordinary circumstance' that prevented Muhammad from timely filing his section 2255 motion." *Id*. McFarland does not have the right to blindly rely on a lack of communication from his attorney as a basis for equitable tolling. It takes an affirmative misrepresentation that is directly related to the filing of the habeas petition to allow a defendant the benefit of equitable tolling.

This Court agrees that it would be possible for a defendant to be misled as to the filing of a habeas petition and that the misrepresentation would be a basis for equitable tolling. But McFarland has not cited, and this Court has been unable to find, any authority that allows equitable tolling to apply based on the failure to file a notice of appeal.

12

The 8th Circuit has recognized that the defendant has an affirmative duty to check on the status of his requested appeal, using publicly available records. McFarland failed to do so and has failed to establish his basis for equitable tolling. McFarland cites no extraordinary circumstance that prevented his filing a § 2255 petition. McFarland cannot establish either ground for claiming the benefit of equitable tolling.

## CONCLUSION

This Court concludes that McFarland's petition must be dismissed for failure to file it within the one-year period of limitation and that the doctrine of equitable tolling does not apply in this case. Accordingly, the motion to dismiss is granted and the case is dismissed.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because McFarland has not made a substantial showing of the denial of a federal constitutional right.

Dated this 8th day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE